# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8843 | **DATE** | 1-14-2013 |
| **CASE TITLE** | Terrence Darnell Washington (#2012-0808066) vs. Tom Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. Plaintiff is assessed an initial partial filing fee of $13.40. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's trust fund account in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The complaint is dismissed without prejudice to Plaintiff submitting an amended complaint by 2/11/2013. The Clerk shall send Plaintiff an amended complaint form, along with a copy of this order. Plaintiff's failure to submit an amended complaint in accordance with this order will result in summary dismissal of this case.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Terrence Darnell Washington, an inmate at the Cook County Jail, filed this 42 U.S.C. § 1983 action against Cook County Sheriff Tom Dart. Plaintiff alleges that he was housed in Division Three of the Jail for a period of eight days, during which time he was exposed to an infestation of bugs, spiders (one of which bit him), and feces in the toilet. Plaintiff seeks to file his complaint *in forma pauperis*.

Plaintiff's motion to proceed *in forma pauperis* shows that he is unable to prepay the $350 filing fee. The court grants his motion and assesses an initial partial payment of $13.40. *See* 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to deduct the initial partial payment from Plaintiff's trust fund account and send it to the court. Thereafter, the trust fund officer shall collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Cook County Jail authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The court has conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff's description of his claim consists of two sentences: "I was in Division 3 for a period of 8 days and while I was over there ..., it was infested with bugs, spiders, and [there] was feces in the toilet, and it was very unsanitary. I was bitten by a spider, and had to seek medical attention." Compl. at 2. Although Plaintiff describes unpleasant living conditions, his allegations do not indicate that the conditions rose to the level of being unconstitutional.

To state a 42 U.S.C. § 1983 claim complaining of substandard jail conditions, a plaintiff must allege facts that, if true, would establish that: (1) the conditions were "sufficiently serious" such that they denied him of the "minimal civilized measure of life's necessities," and (2) the defendant acted with deliberate indifference to those conditions, i.e. that he actually knew of the conditions but refused to take reasonable steps to resolve them. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008), quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994).

## STATEMENT

When determining if the alleged conditions state a constitutional violation, a court must consider both the severity of the condition and the period of time the inmate was exposed to the condition. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) (both "how extensive the infestation" was and "how long the infestation continue[d]" are factors to consider when determining if the condition was sufficiently serious to violate the constitution); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir.1997) ("it is not just the severity of the [condition], but [its] duration ..., which determines whether the conditions of confinement are unconstitutional"). The duration of time to which Plaintiff was exposed to the conditions described in the complaint indicates that the conditions did not rise to an unconstitutional level. In *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), the Seventh Circuit determined that five to ten days confinement in a roach-infested cell without toilet paper, toothbrush or toothpaste, though extremely unpleasant, did not rise to the level of an unconstitutional deprivation. Similarly, in *Morissette v. Peters*, 45 F.3d 1119, 1122–23 (7th Cir. 1995), ten days' confinement in a filthy cell without cleaning supplies was held to be not unconstitutional.

Allegations of adverse cell conditions for such a short duration of time as Plaintiff's have been allowed to proceed only when the conditions were truly extreme. *See Vinning–El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls). The conditions alleged in the complaint do not rise to such a level. Even liberally construing the complaint, the facts he alleges do not indicate that his conditions were so unsanitary or deplorable that they denied him "minimal civilized measure of life's necessities." *Townsend*, 522 F.3d at 773.

Accordingly, Plaintiff's complaint is dismissed. In the event that a more detailed complaint might reveal that the alleged conditions were more severe than stated in the current complaint, Plaintiff is allowed to submit an amended complaint. He must do so by February 11, 2013. Plaintiff's failure to comply with this requirement will result in summary dismissal of this case. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. He must include a judge's copy and a service copy for each Defendant named in the amended complaint.

Plaintiff is advised that an amended complaint replaces the original complaint and must stand complete on its own. The court will refer to only the allegations in the amended complaint, and not to the original complaint, to determine the claims and parties of this suit. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.